KESSLER v KESSLER

Docket No. 302492. Submitted November 8, 2011, at Grand Rapids. Decided December 6, 2011, at 9:20 a.m.

Stephanie Kessler brought an action for divorce from Robert Kessler in the Oceana Circuit Court, Family Law Division. Both parties sought primary physical custody of their three minor children, who were living with both parents in the marital home during the divorce proceedings. The court, Anthony A. Monton, J., did not determine whether there was an established custodial environment pursuant to MCL 722.27(1)(c), but proceeded to award the parties joint legal custody and defendant primary physical custody after concluding that the best-interest factors of MCL 722.23 favored this outcome by a preponderance of the evidence. Plaintiff appealed.

The Court of Appeals *held*:

1. The trial court did not err by failing to apply the statutory change-of-domicile factors set forth in MCL 722.31(4). Under the plain language of MCL 722.31(1), these factors apply only to petitions for a change of domicile in situations where there is already a custody order governing the parties' conduct, which there was not in this case.

2. The trial court clearly erred by failing to address whether an established custodial environment existed. MCL 722.27(1)(c) prohibits a court from issuing an order that changes the established custodial environment of a child without clear and convincing evidence that it is in the child's best interest. The plain language of this provision indicates that it applies not only to modifications and amendments of existing custody orders but also to new custody orders. The trial court's error was not harmless and requires the matter to be remanded because this factual determination establishes the proper burden of proof in regard to the best interests of the children.

3. The trial court's findings with regard to factor (b), which addresses the parties' capacity and disposition to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any, were not insufficient on the ground that they addressed only the religious component of that factor. The court was not required to explicitly address all the evidence presented and arguments raised with respect to each factor.

4. The trial court's finding that factor (d) favored defendant was not against the great weight of the evidence. Factor (d) addresses the length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity. Although plaintiff had a specific plan regarding the children's home and school in Florida and defendant was uncertain about whether he would be able to afford the marital home and school tuition in Michigan on his own, the children had never lived in Florida, so there was no continuity in that environment to maintain.

5. The trial court's finding that factor (e) was neutral was not against the great weight of the evidence. Factor (e) addresses the permanence, as a family unit, of the existing or proposed custodial home or homes. While defendant's future living arrangement was not certain, plaintiff's move to Florida would have removed the children from an environment where they had extended family and others who provided a support system.

6. The trial court's finding that factor (h), which addresses the child's home, school, and community record, slightly favored defendant was supported by evidence that he had more flexibility in attending to the children's needs.

7. The trial court's finding that factor (j) was neutral was not against the great weight of the evidence. This factor addresses the willingness and ability of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents. Other parties, including defendant, testified that both parents loved their children and would do what was best for the children. The only basis for plaintiff's claims that defendant interfered with her relationship with the children was plaintiff's own testimony, and deference is given to the trial court's credibility determinations.

8. The trial court's finding that factor (k), which addresses domestic violence, was neutral was not against the great weight of the evidence. Although plaintiff testified about three alleged incidents of domestic violence, defendant's testimony presented a different version of each incident. Deference is given to the trial court's credibility determinations.

Judgment affirmed in part and reversed in part; case remanded.

1. DIVORCE — PARENT AND CHILD — CHILD CUSTODY — ORIGINAL CHILD CUSTODY ORDERS — ESTABLISHED CUSTODIAL ENVIRONMENT.

A court may not issue an order that changes the established custodial environment of a child without clear and convincing evidence that it is in the best interest of the child; the court must determine whether there is an established custodial environment

with either or both of the parties before making its original custody determination (MCL 722.27[1][c]).

2. DIVORCE — PARENT AND CHILD — CHILD CUSTODY — BEST-INTEREST FACTORS — FACTUAL FINDINGS.

A trial court rendering a custody decision must state on the record its factual findings and conclusions regarding each of the statutory factors for determining a child's best interests; these findings and conclusions need not explicitly address every aspect of a given factor or consider every piece of evidence entered and argument raised by the parties (MCL 722.23).

*Law Office of Alisa A. Peskin-Shepherd PLLC* (by *Alisa A. Peskin-Shepherd*) for Stephanie Kessler.

*Law Offices of James A. Marek* (by *James A. Marek*) for Robert Kessler.

Before: WILDER, P.J., and HOEKSTRA and BORRELLO, JJ.

PER CURIAM. In this custody dispute, plaintiff appeals as of right the trial court's order awarding the parties joint legal custody and defendant primary physical custody. For the reasons stated in this opinion, we affirm in part, reverse in part, and remand.

Plaintiff and defendant have three minor children. The parties were married in 1999, and moved to Montague, Michigan in 2002. The children have lived in Montague their entire lives. Defendant grew up in Montague, and at the time of the custody hearing his parents still lived there. There is no indication that plaintiff has family in Montague or ever lived in Montague before residing there with defendant. Plaintiff filed for divorce in June 2010. There was no custody order in place before the custody hearing, which was held in December 2010, and the parties did not have an informal custody arrangement. Rather, the parties continued to live together in the marital home during the divorce and custody proceedings. During the custody

hearing, both parties requested an award of primary physical custody. Plaintiff, who earned a significantly higher salary than defendant, began a new job in Florida on November 1, 2011, and sought to move the children to Florida at the end of the school year. Neither party had relatives living in Florida at the time of the hearing. Defendant intended to remain in Montague and sought to have the children remain with him in the marital home.[1] After hearing testimony and considering the statutory best-interest factors, the trial court awarded defendant primary physical custody. This appeal followed the trial court's order.

On appeal, plaintiff first argues that the trial court erred by failing to apply the statutory change-of-domicile factors set forth in MCL 722.31(4). Specifically, plaintiff maintains that the trial court was required to consider custody and change of domicile separately and that the evidence before the trial court would have compelled it to grant her petition for change of domicile. In making its custody determination, the trial court considered only the best-interest factors set forth in MCL 722.23.

Questions of law, such as the applicability and interpretation of a statute, are reviewed de novo. *Hunter v Hunter*, 484 Mich 247, 257; 771 NW2d 694 (2009).

We hold that the trial court did not err by failing to consider the change-of-domicile factors set forth in MCL 722.31(4)(a) through (e). MCL 722.31 provides in pertinent part:

> (1) A child *whose parental custody is governed by court order* has, for the purposes of this section, a legal residence

---

[1] Defendant expressed uncertainty regarding whether he would be financially able to remain in the marital home; however, defendant testified that he intended to build a smaller, more affordable home in Montague if he could not remain in the marital home.

with each parent. Except as otherwise provided in this section, a parent of a child *whose custody is governed by court order* shall not change a legal residence of the child to a location that is more than 100 miles from the child's legal residence at the time of the commencement of the action in which the order is issued.

\* \* \*

(4) Before permitting a legal residence change otherwise restricted by subsection (1), the court shall consider [the five factors set forth in (a) through (e)]. [Emphasis added.]

According to the plain language of the statute, the change-of-domicile factors specifically apply only to petitions for change of domicile in situations where there is already a custody order governing the parties' conduct. MCL 722.31(1); *Thompson v Thompson*, 261 Mich App 353, 361 n 2; 683 NW2d 250 (2004) (noting that this Court interprets statutory language according to its plain and ordinary meaning). In this case, the custody order at issue is the first and only custody order governing the parties' conduct. Consequently, the factors set forth in MCL 722.31 do not apply.

Next, plaintiff argues that the trial court erred by failing to determine whether the children had an established custodial environment with either party and by applying a "preponderance of the evidence" standard when making its custody determination. Additionally, plaintiff argues that the trial court should have determined that there was only an established custodial environment with her.

We affirm a custody order "unless the trial court's findings of fact were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008); see also MCL 722.28.

Initially, we address whether the trial court erred by failing to consider whether an established custodial environment existed with either or both of the parties. In this case, the trial court did not make any factual findings or otherwise address whether there was an established custodial environment. Rather, the trial court merely commented that the case did not present a "situation where one party has ... had custody; so we're dealing with the burden of proof here by the preponderance of the evidence," and proceeded to make its custody determination on the basis of the preponderance of the evidence after considering each of the statutory best-interest factors.

In effect, the trial court operated on the premise that because the parties were living together with the children in the marital home up to the time of the custody hearing and no custody order had been entered by the court, it was not required to address whether an established custodial environment existed.[2]

The Child Custody Act governs child custody disputes. MCL 722.21 *et seq.*; *Berger*, 277 Mich App at 705. Determining whether the trial court erred by failing to consider the existence of an established custodial environment before making its custody ruling requires the interpretation of § 7 of the Child Custody Act, MCL 722.27. Statutory interpretation is a question of law we consider de novo. *Thompson*, 261 Mich App at 358. The

---

[2] We reject defendant's claim that the trial court's statements that neither party had custody and that the burden of proof was a preponderance of the evidence constituted an adequate determination regarding whether an established custodial environment existed with either party. A trial court is required to provide a factual basis and articulate its reasons in regard to its determination of whether an established custodial environment exists. See *Foskett v Foskett*, 247 Mich App 1, 7-8; 634 NW2d 363 (2001). In this case, the trial court never even mentioned an "established custodial environment."

language of a statute must be accorded its plain and ordinary meaning. *Id.* at 361 n 2. The primary goal of judicial interpretation is to ascertain and give effect to the intent of the Legislature. *Id.* The Child Custody Act should be liberally construed and is intended to promote the best interests of the children. *Berger*, 277 Mich App at 705.

Custody awards are governed by MCL 722.27, which provides in pertinent part:

> (1) If a child custody dispute has been submitted to the circuit court as an original action under this act or has arisen incidentally from another action in the circuit court or an order or judgment of the circuit court, for the best interests of the child the court may do 1 or more of the following:

> (a) Award the custody of the child to 1 or more of the parties involved or to others and provide for payment of support for the child, until the child reaches 18 years of age.

> \* \* \*

> (c) Modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances until the child reaches 18 years of age and, subject to section 5b of the support and parenting time enforcement act, 1982 PA 295, MCL 552.605b, until the child reaches 19 years and 6 months of age. The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered.

In *Thompson*, 261 Mich App at 360-362, this Court interpreted the language of MCL 722.27. The issue in that case was whether the trial court was required to find proper cause or a change of circumstances before entering a custody award after the initial evidentiary hearing regarding the best-interest factors when the parties had stipulated to a temporary custody order before the hearing. *Id.* at 358. This Court held that it did not, explaining:

> The first sentence of MCL 722.27(1)(c) only refers to when a party is attempting to "[m]odify or amend," while the second sentence mandates that the trial court not "modify or amend its previous judgments or orders *or issue a new order* so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." (Emphasis added.) In light of the clear intention of the Legislature, the first sentence of the MCL 722.27(1)(c) [sic] does not apply [to] the trial court's initial or "new" custody order in this matter. The trial court's award of custody was not a modification or amendment; it was a new order that is only subject to the limitation provided in the second sentence of MCL 722.27(1)(c). [*Id.* at 361-362.]

Consistently with *Thompson* and the plain language of MCL 722.27, a trial court is required to determine whether there is an established custodial environment with one or both parents before making *any* custody determination. See also *Bowers v Bowers*, 190 Mich App 51, 53-54; 475 NW2d 394 (1991). Accordingly, a party who seeks to change an established custodial environment of a child is required to show by clear and convincing evidence that the change is in the child's best interests. We conclude that the trial court clearly erred when it failed to determine whether there was an established custodial environment with either or both of the parties before making its custody determination.

Having agreed with plaintiff that the trial court clearly erred when it failed to first address whether an established custodial environment existed, we next address plaintiff's assertion that the evidence submitted during the custody hearing demonstrated that the children have an established custodial environment with her alone. In *Fletcher v Fletcher*, 447 Mich 871, 882; 526 NW2d 889 (1994), our Supreme Court expressly stated that "review of custody orders is not de novo." The trial court's failure to apply the law by not first determining whether there was an established custodial environment is clear legal error, and, according to *Fletcher*, we must remand unless the error is harmless. *Id.* The failure to determine whether there is an established custodial environment is not harmless because the trial court's determination regarding whether an established custodial environment exists determines the proper burden of proof in regard to the best interests of the children. *Foskett v Foskett*, 247 Mich App 1, 6-7; 634 NW2d 363 (2001). Accordingly, we decline to decide whether the children had an established custodial environment with plaintiff alone because that is a question of fact for the trial court, *Berger*, 277 Mich App at 706, and we do not engage in review de novo of custody orders, *Fletcher*, 447 Mich at 882.

On remand, the trial court must determine whether an established custodial environment existed with plaintiff, defendant, or both parties before it determines the custody arrangement that serves the best interests of the children. In this case, both parents seek primary physical custody. Accordingly, if the trial court determines that an established custodial environment exists with either plaintiff or defendant or both parties, the party seeking to change that established custodial environment must demonstrate that the change is in the

best interests of the children by clear and convincing evidence. After making its determination regarding the existence of an established custodial environment and evaluating the best-interest factors, the trial court shall determine whether either party has met its burden and fashion its award of custody accordingly. On remand, the trial court "should consider up-to-date information" and "any other changes in circumstances arising since the trial court's original custody order." *Fletcher*, 447 Mich at 889.

Lastly, plaintiff argues that the trial court's findings were against the great weight of the evidence when it determined that the best interests of the children required awarding defendant primary physical custody. Specifically, plaintiff challenges the trial court's findings in regard to factors (b), (d), (e), (h), (j), and (k).

We review the trial court's findings of fact in a custody case under the "great weight of the evidence" standard. *Vodvarka v Grasmeyer*, 259 Mich App 499, 507; 675 NW2d 847 (2003). Under this standard of review, we affirm a trial court's findings "unless the evidence clearly preponderates in the opposite direction." *Berger*, 277 Mich App at 705.

In making a custody determination, a trial court is required to evaluate the best interests of the children under the 12 statutorily enumerated factors.[3] MCL

---

[3] The best-interest factors are codified at MCL 722.23, which provides:

As used in this act, "best interests of the child" means the sum total of the following factors to be considered, evaluated, and determined by the court:

(a) The love, affection, and other emotional ties existing between the parties involved and the child.

(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

722.23; *Harvey v Harvey,* 470 Mich 186, 187; 680 NW2d 835 (2004). We defer to the trial court's credibility determinations, and "the trial court has discretion to accord differing weight to the best-interest factors." *Berger,* 277 Mich App at 705. We conclude that the trial court's findings regarding the best-interest factors challenged by plaintiff were not against the great weight of the evidence.

Plaintiff first argues that the trial court should have concluded that factor (b), the "capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any," MCL

---

(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(f) The moral fitness of the parties involved.

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

(i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents.

(k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

(*l*) Any other factor considered by the court to be relevant to a particular child custody dispute.

722.23(b), favored her instead of finding that it was neutral. The trial court found that both parties were committed to Christianity and that the factor therefore favored neither party. Plaintiff argues that the trial court's finding was insufficient because it only referenced religion. However, a trial court need not consider "every piece of evidence entered and argument raised by the parties" when it states its factual findings and conclusions on each of the best interest factors. *MacIntyre v MacIntyre (On Remand)*, 267 Mich App 449, 452; 705 NW2d 144 (2005). A trial court's failure to discuss every fact in evidence that pertains to a factor "does not suggest that the relevant among them were overlooked." *Fletcher*, 447 Mich at 884. Consequently, we conclude that the trial court's factual finding in regard to factor (b) was not against the great weight of the evidence.

Plaintiff argues that the trial court erred when it determined that factor (d), the "length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity," MCL 722.23(d), favored defendant because plaintiff had a specific plan regarding the children's home and school in Florida while defendant was uncertain about whether he would be able to afford the marital home and school tuition in Michigan on his own. We conclude that the trial court's findings on this factor were not against the great weight of the evidence. The children had never lived in Florida, much less lived there for any "length of time," so there could be no continuity to maintain with respect to that environment. For this reason, the environment in Florida was not even relevant under this factor. Although it is true that the divorce would change the environment in Michigan, it was still the only environment the children knew. The children had family,

friends, school, church, a godmother, a daycare provider, and others in Michigan.

Next, plaintiff challenges the trial court's finding that factor (e), the "permanence, as a family unit, of the existing or proposed custodial home or homes," MCL 722.23(e), did not favor either party. Plaintiff argues that defendant's future is uncertain because it was not clear that defendant would be capable of maintaining the marital home. We conclude that the trial court's finding that this factor was neutral was not against the great weight of the evidence. While defendant's future living arrangement was not completely certain, plaintiff's move to Florida would remove the children from an environment in which they had extended family and others that provided a support system.

Regarding factor (h), the "home, school, and community record of the child," MCL 722.23(h), the trial court found that the children's home, school, and community record was excellent and that both parties were committed to maintaining it. The trial court also found that this factor slightly favored defendant because he had slightly more flexibility in attending to the children's needs. We conclude that the trial court's factual findings in regard to this factor were not against the great weight of the evidence. The evidence presented during the hearing clearly supports the trial court's finding that defendant has a more flexible work schedule than plaintiff; both parties admitted that defendant's flexibility was the primary reason that he transported the children to school and daycare the majority of the time. The evidence also demonstrated that the children were doing well in their schools and in the community.

Plaintiff next argues that factor (j), the "willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the

parents," MCL 722.23(j), was improperly found by the trial court to be neutral because substantial evidence showed that defendant was interfering with her relationship with the children. The trial court found the factor to be neutral because it was given no reason to believe that either parent would interfere with the other parent's relationship with the children. We conclude that the trial court's finding on this factor was not against the great weight of the evidence. The only basis for plaintiff's claims that defendant interfered with her relationship with the children was plaintiff's own testimony, and we defer to the trial court's credibility determinations. *Berger*, 277 Mich App at 705. There was sufficient evidence for the trial court to find that this factor was neutral because other parties, including defendant, testified that both parents loved their children and would do what was best for the children.

Lastly, plaintiff argues that factor (k), "[d]omestic violence, regardless of whether the violence was directed against or witnessed by the child," MCL 722.23(k), should have favored her instead of being found neutral. Plaintiff testified about three alleged incidents of domestic violence, but defendant's testimony presented a different version of each of the incidents. The trial court's factual finding that these incidents did not amount to domestic violence was not against the great weight of the evidence, specifically in light of the fact that we defer to the trial court's credibility determinations. *Berger*, 277 Mich App at 705.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219, neither party having prevailed in full.

WILDER, P.J., and HOEKSTRA and BORRELLO, JJ., concurred.