# STATE OF MICHIGAN

# COURT OF APPEALS

KELLY RAYMOND,

        Plaintiff-Appellee,

v

KEVIN RAYMOND,

        Defendant-Appellant.

UNPUBLISHED
April 21, 2015

No. 318646
Wayne Circuit Court
Family Division
LC No. 09-114999-DM

Before: TALBOT, C.J., and MURPHY and GLEICHER, JJ.

PER CURIAM.

Three years after the finalization of the parties' divorce, the circuit court granted plaintiff-mother's request to modify the 50/50 parenting-time schedule and reduce defendant-father's time with their two children. The court failed to make threshold findings regarding the children's established custodial environment and the impact of the new parenting-time schedule. The court stated grounds "warrant[ing]" modification, but failed to connect those findings to a proper-cause or best-interest analysis. We therefore remand to the circuit court to conduct a continued hearing based on up-to-date information, after which the court must make specific findings.

## I. BACKGROUND

The parties' 2010 consent judgment of divorce provided, "[T]he parties will share parenting time on a 50/50 basis, on a rotating bi-weekly schedule." The parents enjoyed parenting time on alternating weekends and had custody for part of each school week. In January 2013, plaintiff-mother sought court modification of this schedule and requested a reduction in defendant's parenting time. She alleged that the couple's preteen daughter was afraid of her father and suffered anxiety as a result of travelling between households. Plaintiff-mother accused defendant of consuming alcohol during parenting time, often to excess, and driving while intoxicated with the children in the car. Plaintiff notified the court that defendant had been convicted of driving while intoxicated 13 years earlier. Plaintiff also raised concerns about incidents of erratic and volatile behavior on defendant's part.

At the referee hearing on plaintiff's motion, defendant admitted that he does "drink a couple beers here and there, but that's normal and legal." The referee ordered defendant to submit to an alcohol assessment with Lannie McRill, a substance abuse assessment professional.

-1-

Defendant complied. The referee imposed an alternating weekend parenting time schedule in the meantime.

During the assessment, defendant self-reported moderate alcohol consumption, admitted drinking to excess on occasion, and denied ever driving with the children while intoxicated. Defendant even conceded to more excessive alcohol use while going through the divorce process. McRill opined: "Based on the procedures in this evaluation and the data available an alcohol disorder was not identified, however, episodic periods of binge alcohol use is noted." McRill recommended "[a]n extended period of alcohol monitoring . . . to further evaluate Mr. Raymond's alcohol consumption during parenting time." McRill described defendant's "alcohol use profile" as "a frequent alcohol consumer, who enjoys imbibing, is prone to moderate his alcohol intake and on occasion willfully binge[] consumes alcohol." McRill recommended that defendant refrain from all alcohol use during parenting time and submit to random alcohol testing for a 12-month period.

The referee continued the hearing after submission of McRill's report. A letter from the daughter's therapist was presented to the court, indicating that the child was "thriving" under the new parenting-time schedule. Plaintiff-mother accused defendant of drinking around the children on St. Patrick's Day weekend and engaging in a shouting match with his girlfriend in front of the children on Easter Sunday. Defendant denied the new allegations and emphasized that the parties' son expressed a desire to spend more time, not less, with his father. At the conclusion of the hearing, the referee recommended reducing defendant's parenting time from the original award to three weekends a month and Wednesday afternoons, with equal parenting time over the summer and holidays. The referee's written recommendation and order continued, "The balance of the present order remains the same including no alcohol."

Plaintiff-mother objected to the referee's recommendations, asserting that they provided too little protection against defendant using alcohol in the children's presence and allowed too little weekend time for the children with their mother. Following a hearing, the circuit court ruled that a modification of parenting time was warranted because the mental health of the parties' daughter had improved under the modified parenting-time schedule, it was inconvenient to the children to constantly travel between the two homes, and because defendant could put his children at risk with his drinking. The court reduced defendant's parenting time, allowing him alternating weekends and Wednesdays with the children during the school year. The court also ordered defendant to refrain from alcohol use beginning 24 hours before parenting time and to participate in random alcohol screens for a year.

Defendant now appeals on delayed leave granted. *Raymond v Raymond*, unpublished order of the Court of Appeals, entered February 19, 2014 (Docket No. 318646).

## II. ANALYSIS

A circuit court's parenting-time orders must be affirmed on appeal absent factual findings against the great weight of the evidence or the commission of "a palpable abuse of discretion or a clear legal error on a major issue." *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). The first step in considering a requested modification to a parenting-time order is to determine the children's established custodial environment. *Id.* at 85-86. Where the proposed parenting

time adjustment would alter the established custodial environment, the proponent must present clear and convincing evidence that the change is in the child's best interests. *Id.* at 86. If no change in the established custodial environment arises, the moving party need only prove by a preponderance of the evidence that the altered parenting-time schedule promotes the child's interests. *Shade v Wright*, 291 Mich App 17, 23; 805 NW2d 1 (2010). And any alteration of the established custodial environment must be justified by a showing of "proper cause or a change in circumstances" warranting such change. *Dailey v Kloenhamer*, 291 Mich App 660, 666-667; 811 NW2d 501 (2011).

## A. ESTABLISHED CUSTODIAL ENVIRONMENT

The circuit court made no finding regarding the children's established custodial environment.

> The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered. [MCL 722.27(1)(c).]

This Court has described an established custodial environment as

> one of significant duration in which a parent provides care, discipline, love, guidance, and attention that is appropriate to the age and individual needs of the child. It is both a physical and a psychological environment that fosters a relationship between custodian and child and is marked by security, stability, and permanence. [*Berger v Berger*, 277 Mich App 700, 706; 747 NW2d 336 (2008).]

Importantly, "[a]n established custodial environment may exist with both parents where a child looks to both the mother and the father for guidance, discipline, the necessities of life, and parental comfort." *Id.* at 707.

The parents shared equal parenting time with the children before the January 2013 modification motion. Therefore, it is likely that the children looked to both parents "for guidance, discipline, the necessities of life, and parental comfort." On remand, the circuit court must make this determination on the record, however.

The court also made no determination regarding the impact of the parenting-time change on the children's established custodial environment. Obviously the amount of time shared between father and children has been reduced. Yet, the overall impact is not as black-and-white on the record. It is possible that the modification "will not change whom the child naturally looks to for guidance, discipline, the necessities of life, and parental comfort," leaving the established custodial environment intact. *Rains v Rains*, 301 Mich App 313, 340; 836 NW2d 709 (2013) (quotation marks and citation omitted). The proper evidentiary standard hangs on this determination. If there is no change in the established custodial environment, plaintiff-mother bears a much lower burden of proof regarding the children's best interests. See *Shade*, 291 Mich App at 23. On remand, the circuit court must address the effect of the chosen

parenting-time modification on the children's established custodial environment and instruct the parties regarding their burdens.

## B. PROPER CAUSE OR CHANGE IN CIRCUMSTANCES

Regardless of the court's failure to address the impact of the parenting-time modification on the children's established custodial environment, it did cite grounds that could support proper cause to effectuate a change. Specifically, the court found:

> [A]fter review of [the McRill] report and also the other evidence provided to the Court, the Court finds that a modification of the parenting time was warranted and is warranted. That there are . . . special circumstances regarding the [daughter], she is . . . receiving counseling and she has improved since there has been less back and forth parenting time.

> Also . . . in looking at the reasonableness of abuse and neglect of the child during parenting time, Court finds that there is enough evidence that there is some – the – the drinking of the defendant could put the children at risk, to his inability to . . . control his drinking . . . so the court finds that it is warranted to adopt Lannie McRill's recommendation.

> And the Court's [sic] also considering the inconvenience and burden of the children of going back and forth to [sic] much . . . between the parties.

The burden of proving proper cause or a change in circumstances is also affected by whether the parenting-time modification would alter the children's established custodial environment. "[I]n a case where a modification of parenting time does not alter the established custodial environment," "normal life changes" may present "a change of circumstances sufficient to modify parenting time." *Shade*, 291 Mich App at 30-31. "Normal life changes" include things as simple as a growing child's increased social or extracurricular activity schedule. *Id.* at 29. If, on the other hand, the circuit court determines that the altered parenting-time schedule does change the children's established custodial environment, the more stringent review applicable to child custody cases applies. *Id.* at 28-29. Under those circumstances, "proper cause means one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken." *Vodvarka v Grasmeyer*, 259 Mich App 499, 511; 675 NW2d 847 (2003).

> [T]o establish "proper cause" necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being. [*Id.* at 512.]

To show a change in circumstances, "a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a significant effect on the child's well-being, have materially changed." *Id.* at 513.

-4-

The circuit court has already provided the foundation for this analysis. On remand, the circuit court should affirmatively state the applicable standard of review and place its factual conclusions into the appropriate legal context.

## C. BEST INTERESTS OF THE CHILDREN

Although the standard of review may vary depending on whether the parenting-time change will affect the children's established custodial environment, one thing remains constant: the circuit court must consider whether the change is in the children's best interests. MCL 722.27a governs the award of parenting time. It mandates that parenting time "be granted in accordance with *the best interests of the child*." MCL 722.27a(1) (emphasis added). In this regard, the parents enjoy a presumption that it is in the child's best interests "to have a strong relationship with both of his or her parents." *Id.* As long as this presumption is not disproved, the court must award parenting time "in a frequency, duration, and type reasonably calculated to promote a strong relationship between the child and the parent granted parenting time." *Id.* In fact, "[a] child has a right to parenting time with a parent unless it is shown on the record by clear and convincing evidence that it would endanger the child's physical, mental, or emotional health." MCL 722.27a(3).

When considering a party's parenting time request, the court "may consider" various factors outlined in MCL 722.27a(6):

(a) The existence of any special circumstances or needs of the child.

* * *

(c) The reasonable likelihood of abuse or neglect of the child during parenting time.

(d) The reasonable likelihood of abuse of a parent resulting from the exercise of parenting time.

(e) The inconvenience to, and burdensome impact or effect on, the child of traveling for purposes of parenting time.

(f) Whether a parent can reasonably be expected to exercise parenting time in accordance with the court order.

(g) Whether a parent has frequently failed to exercise reasonable parenting time.

(h) The threatened or actual detention of the child with the intent to retain or conceal the child from the other parent or from a third person who has legal custody. . . .

(i) Any other relevant factors.

The best-interest factors of the Child Custody Act are also relevant in rendering a parenting time judgment. *Shade*, 291 Mich App at 31. Although the best interests of the child are the foundation for a parenting-time decision, the court need not consider each factor in MCL 722.23 before ruling. Rather, the court may limit its MCL 722.23 best interest review to "findings on only the contested issues." *Shade*, 291 Mich App at 31-32.[1]

As quoted above, the circuit court did state certain circumstances that would be relevant to a best-interests analysis and found these "warranted" a parenting-time modification. Specifically, the court cited the daughter's anxiety and need for counseling, "the inconvenience and burden of the children of going back and forth to much," and evidence that defendant's drinking may put the children at risk. Again, however, the circuit court failed to tie this information to any of the best-interest factors of either MCL 722.27a or MCL 722.23.

In completing its best-interest analysis, the circuit court should carefully consider defendant-father's contention that McRill found no evidence of alcoholism in his report. And there is no evidence that defendant ever became intoxicated in the children's presence. "This leads to the inescapable conclusion that father lost almost half of his parenting time because the children saw him drink, but not abuse, alcohol," defendant argues. On the current record, this statement holds water; it appears that the circuit court reduced defendant's parenting time and

---

[1] Of likely relevance to this matter, MCL 722.23 describes as factors to be considered under a best-interests analysis:

> (a) The love, affection, and other emotional ties existing between the parties involved and the child.
>
> (b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.
>
> * * *
>
> (d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.
>
> * * *
>
> (f) The moral fitness of the parties involved.
>
> (g) The mental and physical health of the parties involved.
>
> (h) The home, school, and community record of the child.
>
> (i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference . . . .

imposed stringent limitations on his conduct during parenting time based on defendant's legal conduct. Conduct that has no impact on the parent-child relationship or a parent's ability to exercise appropriate judgment generally lacks relevance to a parenting-time decision. Nevertheless, alcohol use causing any impairment that carries over into parenting time is subject to restriction to serve the children's best interests. The circuit court is in the best position to judge the credibility of the witnesses and we therefore decline to invalidate its current assessment. See *Fletcher v Fletcher*, 447 Mich 871, 889-890; 526 NW2d 889 (1994). However, if evidence that defendant's alcohol use affects the children remains thin or nonexistant at the continued hearing, the circuit court should reconsider its order in this regard.

In relation to all issues on remand, we note that "the trial court 'should consider up-to-date information' and 'any other changes in circumstances arising since the trial court's original custody order.' " *Kessler v Kessler*, 295 Mich App 54, 62-63; 811 NW2d 39 (2011), quoting *Fletcher*, 447 Mich at 889. The best interests of a child are always evolving and cannot be considered as if suspended at the time of the last hearing.

We remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Talbot
/s/ William B. Murphy
/s/ Elizabeth L. Gleicher