# STATE OF MICHIGAN

# COURT OF APPEALS

AUDRA LYNN BELONGIA,

Plaintiff-Appellee,

UNPUBLISHED
June 25, 2015

v

No. 325208
Saginaw Circuit Court
LC No. 14-022102-DM

THOMAS EDWARD BELONGIA,

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and MURPHY and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right the judgment of divorce entered after trial. We affirm in part and remand in part for further proceedings.

The parties married in 2006 and had one child, born in 2007. Plaintiff filed for divorce in 2014. The parties were able to agree on most issues, with the exception of custody of their minor child, parenting time, credit card debt, spousal support, and attorney fees. These issues were set for trial, at the conclusion of which the trial court ordered that the parties share joint legal and physical custody of the minor child, specific, detailed parenting time for each party, and that defendant pay the entirety of the credit card debt (in lieu of an award of spousal support and attorney fees to plaintiff).

On appeal, defendant first challenges the trial court's custody and parenting time analysis and conclusions. "Under the Child Custody Act, MCL 722.21 *et seq.*, 'all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.' " *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010), quoting MCL 722.28. Deferring to the trial court's credibility determinations, this Court will not conclude that the trial court's findings of fact are against the great weight of evidence unless the evidence clearly preponderates in the opposite direction. *Shann v Shann*, 293 Mich App 302, 305; 809 NW2d 435 (2011). We review "discretionary rulings, including a trial court's custody and parenting-time decisions, for an abuse of discretion." *Mitchell v Mitchell*, 296 Mich App 513, 522; 823 NW2d 153 (2012). In a custody matter, a trial court abuses its discretion when its "decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Id*. (internal quotation marks and citation omitted).

-1-

Defendant argues that the trial court erred in failing to determine whether the parties' child had an established custodial environment with one or both parents. Before a trial court makes any determination regarding custody, it must determine whether there is an established custodial environment with one or both parents. *Kessler v Kessler*, 295 Mich App 54, 61; 811 NW2d 39 (2011). "The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c). "A trial court is required to provide a factual basis and articulate its reasons in regard to its determination of whether an established custodial environment exists." *Kessler*, 295 Mich App at 59 n 2.

If a proposed change affecting the welfare of the child would modify an established custodial environment, the proponent must demonstrate by clear and convincing evidence that the change is in the child's best interests. *Pierron*, 486 Mich at 85-86. If a proposed change would not modify an established custodial environment, the proponent need only demonstrate by a preponderance of the evidence that the change is in the child's best interests. *Id*. at 89-90.

We agree with defendant that the trial court erred in not making and articulating its conclusions regarding the existence of an established custodial environment. Under *Kessler*, remand is required because the trial court failed to determine whether an established custodial environment existed with one or both parents before it altered the preexisting week-to-week parenting-time schedule. *Kessler*, 295 Mich App at 62.

Defendant also takes issue with the trial court's findings on several of the statutory best-interest factors. MCL 722.23. The trial court found the parties equal on nearly every factor. Regarding factor (b), the trial court said that plaintiff had "a little advantage" because of "the amount of time she ha[d] spent with the child doing the boring stuff, you know, meals and laundry, and things of that nature." When considering factor (g), the trial court warned defendant not to "get too carried away with the Oxycontin." Regarding factor (j), the trial court cautioned plaintiff to not be contentious with defendant: "Don't keep track of how many times you watch [the child] for him. Don't throw it in his face later." The trial court did not explicitly address factors (i) and (*l*).

We will not address defendant's challenges to the findings that the trial court made on the best-interest factors because they need to be reconsidered on remand. See *Kubicki v Sharpe*, 306 Mich App 525, 545; 858 NW2d 57 (2014). However, we will address some of his arguments so as to provide clarification on how the remand is to proceed.

Defendant argues that the trial court improperly referred to the opinion of various unidentified "experts" who did not testify at trial. In fashioning a parenting-time schedule, the trial court stated, "And I also know from talking to experts in the 23 years I did divorces, listening to all the top psychiatrists and psychologists there are, that young children aren't as much concerned with the length of visit as they are frequency." The trial court said that it was for this reason that it does not "like it when the child has to go seven days without seeing either parent." Although the trial court may rely on its experience in addressing the issue of custody, we caution that the court's decision should be based on the facts in evidence as applied to the law.

Defendant also argues that the trial court improperly relied on the possibility that defendant would abuse his prescription medications; even though there was no evidence that he was doing so. We agree. The evidence showed that defendant took several prescription medications for a variety of health conditions, including pain emanating from injuries he sustained while in the military. But the evidence did not show that defendant was abusing his medications. Nonetheless, the trial court stated that it was "a little concerned about . . . the number of pills" defendant was taking, and cautioned him to be "careful" because "[i]t can get out of hand." We again caution the trial court to base its decision on remand on the evidence of record.

Further, the trial court is instructed to consider any preference that child might have, "if the court considers the child to be of sufficient age to express preference." MCL 722.23(i). "Children of six, and definitely of nine years of age are old enough to have their preferences given some weight in a custody dispute, especially where there was a prior custody arrangement." *Bowers v Bowers*, 190 Mich App 51, 55-56; 475 NW2d 394 (1991); see also *Kubicki*, 306 Mich App at 544-545 (concluding that a trial court's failure to interview a child who was ten years old, even when the parents agreed that the child should not be interviewed, requires reversal, because a court is "affirmatively required to consider the child's preference"). If the trial court concludes that any preference the parties' child expresses should not be considered under the circumstances of this case, the trial court should so indicate.

Defendant next argues that the trial court erred by failing to divide the credit card debt evenly between the parties. We review the trial court's findings of fact regarding the division of marital property for clear error. *Berger v Berger*, 277 Mich App 700, 717; 747 NW2d 336 (2008). "A finding is clearly erroneous if, after a review of the entire record, the reviewing court is left with the definite and firm conviction that a mistake was made." *Id*. If this Court determines that the trial court's findings are not clearly erroneous, it must next determine whether the court's decision was fair and equitable. *Id*. "This Court will affirm the lower court's discretionary ruling unless it is left with the firm conviction that the division was inequitable." *Id*. at 717-718.

In a divorce action, marital debts are treated the same as marital assets. See, e.g., *Butler v Simmons-Butler*, 308 Mich App 195, 208-209; ___ NW2d ___ (2014). "The goal in distributing marital assets in a divorce proceeding is to reach an equitable distribution of property in light of all the circumstances." *Berger*, 277 Mich App at 716-717. The trial court should consider the following factors in this endeavor:

> (1) the duration of the marriage, (2) the contributions of the parties to the marital estate, (3) the age of the parties, (4) the health of the parties, (5) the life situation of the parties, (6) the necessities and circumstances of the parties, (7) the parties' earning abilities, (8) the parties' past relations and conduct, and (9) general principles of equity. [*Id*. at 717.]

The trial court can may also consider any "additional factors that are relevant to a particular case" when dividing assets and debts. *Id*.

-3-

Defendant had approximately $20,000 in credit card debt in his name at the time of trial and plaintiff sought, in total, $24,000 in alimony ($1,000 per month for two years) and $3,000 in attorney fees. The trial court held that defendant was responsible to pay his credit card debt, but would not have to pay alimony or attorney fees. The court explained:

> There is not going to be alimony, but I am going to ask you to pay the credit cards. There is a difference in earnings. I think you probably did charge more than she did. It sounds to me like maybe most of what was on those cards. You each pay your own cards. There will be no alimony and no attorney fees. You have an extra 10 to pay in credit card debt. That is in lieu of alimony and attorney fees.

In considering whether to award spousal support, the trial court can consider the property awarded to the parties. *Loutts v Loutts*, 298 Mich App 21, 31; 826 NW2d 152 (2012). Therefore, a trial court has the discretion to consider marital property and spousal support together in fashioning a judgment of divorce. In the case at hand, given that each party had a stable income, it was not an abuse of discretion for the trial court to look at the debt balance of the parties and attempt to fashion a property division that would leave them in equitable balance as they exited the marriage. The parties had been married for a relatively short period of time and have the ability to successfully build separate lives in which they can meet their individual needs and the needs of their child. Leaving them responsible for their own debts is an equitable decision under the circumstances.

Affirmed in part and remanded to the trial court for further consideration. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ William B. Murphy
/s/ Deborah A. Servitto

-4-