*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS RAY SOLOMON, JR.,

   Plaintiff-Appellee,

v

TIANA MONIQUE WIGGINS,

   Defendant-Appellant.

UNPUBLISHED
February 10, 2026
9:12 AM

No. 374536
Wayne Circuit Court
LC No. 24-105789-DC

Before: BORRELLO, P.J., and MARIANI and TREBILCOCK, JJ.

PER CURIAM.

In this child-custody dispute, defendant appeals by right the trial court's order awarding plaintiff joint custody of the parties' minor child, JS, and establishing a parenting-time schedule.[1] We vacate and remand for further proceedings.

## I. BACKGROUND

The parties are the biological parents of JS, who was born in November 2016. Shortly after JS's birth, the parties signed an affidavit of parentage indicating that plaintiff was JS's biological father. JS has resided with defendant her entire life, and defendant has been JS's sole provider since JS was approximately one year old. Although plaintiff initially maintained some contact with JS, he stopped all contact with her shortly after her first birthday.

In May 2024, plaintiff filed a complaint seeking joint legal and physical custody of and reasonable parenting time with JS, who was by then nearly eight years old. Plaintiff had never previously sought custody or parenting time, so there was no existing order regarding those matters. In July 2024, following a failed attempt to personally serve defendant with the summons and complaint, plaintiff obtained a court order allowing him to effectuate alternate service by sending a copy of the summons and complaint via first-class mail to defendant's address and by

---

[1] The order also referred the parties to the Friend of the Court for calculation of child support. Neither party challenges child support on appeal.

affixing a copy of the same to her door. Two weeks later, plaintiff filed a proof of service, which indicated only that he had affixed the summons to defendant's door.

In September 2024, plaintiff requested an entry of default, asserting that defendant failed to respond to or otherwise defend against his complaint. When defendant subsequently failed to appear at a scheduled case management and settlement conference scheduled in October 2024, the court ordered plaintiff to file a motion for default judgment of custody and scheduled a hearing on the motion. Plaintiff thereafter did so and filed a proof of service showing that he had served defendant with a copy of his motion and notice of the hearing by sending it to her via first-class mail.

Both parties attended the motion hearing. Plaintiff stated that he was seeking joint custody of JS and parenting time with her "[e]very so often," asserting that he never previously had parenting time with JS because defendant "refused" to provide it to him. Defendant denied that allegation, asserting that plaintiff made no effort to contact or otherwise provide for JS since her first birthday and had ignored defendant's previous attempts to contact him about seeing JS. The parties ultimately agreed, however, that JS was eight years old at that time, that plaintiff had not had any contact with JS since she was one year old, and that JS had been in defendant's care for her entire life. Without any further analysis, the trial court granted plaintiff's motion for a default judgment of custody and, later that day, issued an order awarding plaintiff joint legal custody and parenting time every other weekend, which was to start the following week. Defendant subsequently moved for reconsideration, which the trial court denied.[2] This appeal followed.

## II. STANDARDS OF REVIEW

"In matters involving child custody, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." *Kuebler v Kuebler*, 346 Mich App 633, 652-653; 13 NW3d 339 (2023) (quotation marks and citation omitted); see also MCL 722.28. "We apply three standards of review in custody cases." *Stoudemire v Thomas*, 344 Mich App 34, 42; 999 NW2d 43 (2022) (quotation marks and citation omitted). The trial court's factual findings are reviewed under the great-weight-of-the-evidence standard. *Id*. "A finding of fact is against the great weight of the evidence if the evidence clearly preponderates in the opposite direction." *Id*. (quotation marks and citation omitted). "Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Id*. (quotation marks and citation omitted). Discretionary rulings, including decisions regarding custody and parenting time, are reviewed for an abuse of discretion. *Id*.; *Shade v Wright*, 291 Mich App 17, 21; 805 NW2d 1 (2010). "In child custody cases specifically, an abuse of discretion retains the historic standard under which the trial court's decision must be palpably and grossly violative of fact and logic." *Kuebler*, 346 Mich App at 653 (quotation marks and citation omitted). "[U]pon a finding of error, appellate courts should remand

---

[2] The trial court decided the motion without oral argument pursuant to MCR 2.119(F)(2).

to the trial court unless the error was harmless." *Fletcher v Fletcher*, 447 Mich 871, 882; 526 NW2d 889 (1994).

## III. DISCUSSION

On appeal, defendant argues that the trial court erred by failing to properly evaluate JS's established custodial environment and best interests before rendering its custody and parenting-time decisions. We agree.

"When resolving important decisions that affect the welfare of the child, the court must first consider whether the proposed change would modify the established custodial environment." *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). The court is thus necessarily "required to determine whether there is an established custodial environment with one or both parents before making *any* custody determination." *Kessler v Kessler*, 295 Mich App 54, 61; 811 NW2d 39 (2011). An established custodial environment exists with a party "if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c). Such an environment is one of "significant duration" and comprises "both the physical and psychological sense in which the relationship between the custodian and the child is marked by qualities of security, stability and permanence." *Sabatine v Sabatine*, 513 Mich 276, 286; 15 NW3d 204 (2024) (quotation marks and citation omitted). "The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship" are factors to be considered in determining whether an established custodial environment exists. MCL 722.27(1)(c). If the trial court fails to make a finding regarding the existence of an established custodial environment, this Court ordinarily remands for that finding to be made, unless there is sufficient evidence in the existing record for this Court to make its own determination of the issue de novo. *Stoudemire*, 344 Mich App at 48.

Once the trial court concludes that one or more established custodial environments exists, it "shall not . . . issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." MCL 722.27(1)(c). Thus, when there is a custody or parenting-time proposal that would alter an established custodial environment, the moving party bears the burden of proving by clear and convincing evidence that the proposed change is in the child's best interests. *Kuebler*, 346 Mich App at 670-671. If the proposed arrangement does not change the established custodial environment, however, the moving party need only demonstrate by a preponderance of the evidence that the arrangement is in the child's best interests. *Id*. at 670; *Shade*, 291 Mich App at 23, citing *Pierron*, 486 Mich at 93.

"To determine a child's best interests, the trial court is required to consider the 12 best-interest factors found in MCL 722.23, and to apply the appropriate standard of proof," and the "court must consider and explicitly state its findings and conclusions with respect to each of these factors." *Kuebler*, 346 Mich App at 671 (quotation marks and citation omitted).[3] And, "[i]n cases

---

[3] For parenting-time decisions, the factors set forth in MCL 722.27a(7) are also relevant. *Shade*, 291 Mich App at 31. It also bears noting that, for parenting-time decisions that do not change the

involving a request for joint custody, the trial court must also consider whether the parents will be able to cooperate and generally agree concerning important decisions affecting the welfare of the child." *Id*. (cleaned up); see also MCL 722.26a(1)(b). When a trial court fails to make sufficient findings for each of the best-interests factors, "the proper remedy" is to remand for a new custody hearing or for the trial court "to make a determination whether the current record is sufficient to make the proper evidentiary findings." *Rittershaus v Rittershaus*, 273 Mich App 462, 475-476; 730 NW2d 262 (2007).

Here, the trial court entered its custody and parenting-time order without making any of the requisite factual and legal determinations regarding JS's established custodial environment and best interests, apparently based on the court's conclusion that defendant defaulted after failing to respond to plaintiff's complaint.[4] This amounted to clear legal error warranting relief. See *Stoudemire*, 344 Mich App at 42.

To start, the record reflects that—among other procedural deficiencies—no default was ever entered against or served on defendant. Plaintiff filed a request for an entry of default on September 9, 2024, but neither that filing nor the register of actions indicates that the court clerk actually entered the default as required. See MCR 3.210(B)(2)(a) (providing that "the clerk *must* enter a default" upon a party's filing of the request for an entry of default) (emphasis added); see also MCR 2.603(A)(1). As the party requesting the entry of default, it was plaintiff's responsibility to give defendant notice of the default (if one had been entered), and then to file with the court a proof of service showing that such notice had been given. See MCR 3.210(B)(2)(b); see also MCR 2.603(A)(2). However, there are no such documents in the record, and the register of actions indicates that none were filed. Defendant, for her part, made clear in her motion for reconsideration that she was unaware that plaintiff had requested an entry of default because she never received anything from him regarding it. Defendant also made clear in her motion that she failed to respond to plaintiff's complaint in the first instance because she had never received a copy of it. Consistent with this representation, the record contains a proof of service indicating that only the summons was affixed to defendant's door, but nothing showing that defendant was ever provided with a copy of the complaint. See MCR 3.210(B)(2)(a) (stating, in relevant part, that the party requesting entry of default must "set[] forth *proof of service* and failure to plead or otherwise defend") (emphasis added); MCR 3.203(A) (requiring that "the summons *and complaint*" be served in accordance with MCR 2.105) (emphasis added); MCR 2.105(A)(2) and (J)(1) (providing, in relevant part, that an individual is properly served when he or she receives "a summons *and a*

---

established custodial environment, a court need not "explicitly address" the factors in MCL 722.23 or MCL 722.27a(7), though the court's consideration of the child's best interests must be sufficiently clear from its oral and written statements on the record. *Shade*, 291 Mich App at 32.

[4] As noted, the trial court, both in its order and at the preceding hearing, did not provide any analysis or substantive explanation for its award of custody or parenting time. When defendant, however, attempted to explain at the hearing how JS did not know plaintiff at all and had told defendant she would not feel comfortable simply going by herself to stay with plaintiff for a full weekend, the court, after remarking that "you'll have to make her feel comfortable," further stated, "And, again, this is actually a default. You haven't responded to this complaint." Defendant then began to say something in response, but was not permitted to finish.

*copy of the complaint* by registered or certified mail" or by "any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard") (emphasis added).

Furthermore, even if a default against defendant had been properly entered and served, we fail to see how that fact alone would have relieved the trial court of its obligation to make and set forth findings of fact and conclusions of law regarding custody and parenting time before issuing its order. Indeed, it is well established that the trial court has a duty to serve a child's best interests when fashioning an award of custody and parenting time and cannot modify custody without first doing so. *Harvey v Harvey*, 470 Mich 186, 192; 680 NW2d 835 (2004) (holding that the Child Custody Act (CCA), MCL 722.21 *et seq.*, "impose[s] on the trial court the duty to ensure that the resolution of any custody dispute is in the best interests of the child"); *Kuebler*, 346 Mich App at 668 (noting that the purpose of the CCA is "to promote the best interests of the child and to provide a stable environment for children that is free of unwarranted custody changes") (quotation marks and citation omitted); *Johnson v Johnson*, 329 Mich App 110, 128-129; 940 NW2d 807 (2019) (emphasizing that, even when "establishing custody in an original matter," the trial court "must make specific findings of fact regarding each of the 12 statutory best-interest factors" to ensure that the proposed custody arrangement is in the child's best interests, and that an evidentiary hearing on the matter "is mandated before custody can be modified") (quotation marks and citations omitted); see also MCL 722.25(1) ("If a child custody dispute is between the parents, . . . the best interests of the child control."). We are aware of no authority that would eliminate the court's legal obligations in this regard simply because a default was entered against defendant.[5]

As noted, before the trial court could issue its order on custody and parenting time, the court was *required* to determine: (1) if an established custodial environment existed with one or both parties, *Kessler*, 295 Mich App at 61; (2) whether the requested custody and parenting-time arrangement would alter an established custodial environment, *Pierron*, 486 Mich at 85; and (3) whether the proposed arrangement was in the child's best interests under the applicable factors and standard of proof, *Kuebler*, 346 Mich App at 670-671; *Shade*, 291 Mich App at 23, 31-32. Although the court was not required to comment on every specific fact or argument raised by each party, it was required, at minimum, to explicitly state on the record its findings and conclusions

---

[5] Cf. *Kuiper v Kuiper*, unpublished per curiam opinion of the Court of Appeals, issued October 29, 2020 (Docket No. 352789), pp 7-8 (vacating the custody and parenting-time portions of the parties' default judgment of divorce and remanding for further proceedings because, "despite [the] defendant's default, the trial court was required to set forth its findings of fact and conclusions of law on the best-interest factors and parenting time"); *Chakkour v Chakkour*, unpublished per curiam opinion of the Court of Appeals, issued December 20, 2012 (Docket Nos. 309854; 310006), pp 4-6 (holding that the trial court did not abuse its discretion by declining to enter a default judgment against the defendant because no entry of default had ever been entered against or served on him, and even if it had, the court was still required to hold a custody hearing to determine whether the plaintiff's proposed custody arrangement was in the children's best interests). Unpublished opinions are not binding on this Court, but they may be considered persuasive. *Black v Cook*, 346 Mich App 121, 138 n 4; 11 NW3d 563 (2023); see also MCR 7.215(C)(1).

regarding custody and parenting time in a manner sufficient to enable meaningful appellate review. See *Rittershaus*, 273 Mich App at 475; see also MCR 2.517(A)(1)-(3). Here, however, the trial court awarded plaintiff custody and parenting time without setting forth any factual or legal determinations whatsoever regarding JS's established custodial environment, whether the proposed custody and parenting-time arrangement altered that environment, or whether that arrangement was in JS's best interests.

In sum, the trial court committed clear legal error by failing to make and articulate the requisite findings of fact and conclusions of law concerning JS's established custodial environment and best interests. And there is nothing in the scant record now before us to indicate that this error was somehow harmless. See *Fletcher*, 447 Mich at 882; *Kessler*, 295 Mich App at 62.[6] As a result, remand to the trial court is necessary in order for the court to conduct a new hearing on plaintiff's motion for custody and parenting time and to make and set forth on the record proper findings of fact and conclusions of law regarding JS's established custodial environment, whether the custody and parenting-time requested by plaintiff would alter that environment, and whether the proposed arrangement would be in JS's best interests. See *Rittershaus*, 273 Mich App at 475-476; see also MCL 722.27(1)(c); MCR 3.210(C)(1). On remand, the trial court must consider all up-to-date information pertaining to these matters before rendering its custody and parenting-time decisions. See *Fletcher*, 447 Mich at 889; see also *Butters v Butters*, 510 Mich 1096, 1096-1097 (2022).

Vacated and remanded for further proceedings consistent with this opinion.[7] We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock

---

[6] To the contrary, the only record evidence on the matter suggests otherwise. At the time of the hearing, there was no dispute that JS had lived with defendant her entire life, that plaintiff had not had any contact with then-eight-year-old JS for seven years, and that JS was unfamiliar with plaintiff. Accordingly, it seems clear enough that, at minimum, JS had an established custodial environment solely with defendant at the time that plaintiff requested custody and parenting time. See *Stoudemire*, 344 Mich App at 48. And there is nothing in the record regarding how plaintiff's request would not have altered that environment or why the request would have been in JS's best interests.

[7] In light of our disposition, we need not address defendant's argument that she was denied constitutional due process by plaintiff's failure to serve her with a copy of the complaint. See *Armijo v Bronson Methodist Hosp*, 345 Mich App 254, 264; 4 NW3d 789 (2023) ("We will not unnecessarily decide constitutional issues, and it is an undisputed principle of judicial review that questions of constitutionality should not be decided if the case may be disposed of on other grounds.") (quotation marks and citations omitted).