# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID DARIUS BAUGHMAN,

        Plaintiff/Counter-Defendant-
        Appellant,

v

LYDIA A. HARTMAN,

        Defendant/Counter-Plaintiff-
        Appellee.

UNPUBLISHED
August 4, 2015

No. 323348
Kalamazoo Circuit Court
Family Division
LC No. 2009-007796-DM

Before: MARKEY, P.J., and MURPHY and STEPHENS, JJ.

PER CURIAM.

Plaintiff father David Baughman appeals as of right the August 5, 2014 order that granted defendant mother Lydia Hartman's motion for a modification of parenting time regarding each of their minor children. We affirm.

## I. BACKGROUND

On January 3, 2011, the trial court entered a judgment of divorce ending Baughman and Hartman's marriage. Baughman and Hartman were granted joint legal and physical custody of the minor children. The judgment of divorce ordered the parties to continue to follow the parenting schedule issued at an earlier September 10, 2010 referee hearing. According to that schedule, the children stayed overnight with Baughman every Thursday and alternated weekends with each parent. In a two-week period, Hartman received nine days of parenting time and Baughman received five. The judgment of divorce provided that beginning on March 11, 2011, Baughman and Hartman were to receive parenting time in alternating 7-day periods. If the parents could not agree on visitation at that time, the order provided that the parenting time schedule would revert to the parties' original schedule.

Approximately two years later, on May 10, 2013, Hartman moved the trial court for a modification of parenting time regarding each of the minor children. The motion alleged that the March 11, 2011 parenting time change did not occur and that there were other issues regarding the care and custody of the children. Hartman requested that overnight parenting time with Baughman during the school year be discontinued because it was not in the children's best

-1-

interests. Hartman's motion was heard by a referee who issued a recommended order for parenting time on November 26, 2013. Baughman filed objections to the recommended order. An evidentiary hearing was held May 1 and May 9, 2014. The trial court issued its order on August 5, 2014. The trial court ordered that, during the school year, Baughman would have alternating weekends with the minor children and parenting time on Wednesday nights and that Hartman would generally have the remainder of the time with the children. The trial court also ordered that, during the summers, Baughman and Hartman would each receive an uninterrupted two-week block of time with the minor children and that the parents would otherwise receive alternating weeks of parenting time with the children. Baughman appeals that order.

## II. STANDARD OF REVIEW

In regard to child custody and parenting time, all orders and judgments of the circuit court are to be affirmed unless the trial court made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue. MCL 722.28; *Pickering v Pickering*, 268 Mich App 1, 5; 706 NW2d 835 (2005). Questions of law are reviewed for clear legal error. *LaFleche v Ybarra*, 242 Mich App 692, 695; 619 NW2d 738 (2000). "A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Phillips v Jordan*, 241 Mich App 17, 20; 614 NW2d 183 (2000). "The trial court's discretionary rulings, such as to whom to award custody, are reviewed for an abuse of discretion. An abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008) (citation omitted). Findings regarding the existence of a change of circumstances or proper cause and a child's best interests are reviewed under the great weight of the evidence standard. *Dailey v Kloenhamer*, 291 Mich App 660, 664; 811 NW2d 501 (2011); *Corporan v Henton*, 282 Mich App 599, 605-609; 766 NW2d 903 (2009). "Under this standard, a reviewing court should not substitute its judgment on questions of fact unless the factual determination 'clearly preponderate[s] in the opposite direction.' " *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010), quoting *Fletcher v Fletcher*, 447 Mich 871, 878; 526 NW2d 889 (1994). When reviewing a trial court's findings of fact in a custody case, "this Court defers to the trial court on issues of credibility." *Mogle v Scriver*, 241 Mich App 192, 201; 614 NW2d 696 (2000).[1]

## III. THE PARENTING TIME ORDER

A parenting time order – like a custody award – may only be modified after there has been proper cause shown or because of change of circumstances. *Shade v Wright*, 291 Mich App 17, 22-23; 805 NW2d 1 (2010). If a change in parenting time would result in a change in the established custodial environment, the definitions of "proper cause" and "change of circumstances" found in *Vodvarka v Grasmeyer*, 259 Mich App 499; 675 NW2d 847 (2003),

---

[1] Baughman challenges Hartman's credibility on a variety of grounds, but to the extent the trial court relied on her testimony, we defer to that credibility determination. *Mogle*, 241 Mich App at 201.

also apply to the proposed change in parenting time. *Shade*, 291 Mich App at 27. Here, the trial court applied the more restrictive *Vodvarka* definitions of "proper cause" and "change of circumstances" based on its finding that granting Hartman's motion for a modification of parenting time would change the custodial environment.

To establish a change of circumstances meriting consideration of a custody change, "a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Vodvarka*, 259 Mich App at 513. "[T]he evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child." *Id*. at 513-514. The relevance of the facts showing changes of circumstance is "gauged by the statutory best interest factors." *Id*. at 514.

Here, the trial court found a change of circumstances based upon the poor communication and lack of cooperation between Hartman and Baughman. This finding is supported by the record. Hartman and Baughman failed to communicate and cooperate regarding summer parenting time and sleepovers for the minor children. Hartman and Baughman also disagreed about and did not communicate regarding medical treatment for the minor children. This poor communication and lack of cooperation was relevant to the minor children's best interests under MCL 722.23(j), diminishing each parent's ability to encourage a close and continuing parent-child relationship between the other parent and the minor children. Additionally, their lack of cooperation affected the children's medical care under MCL 722.23(c). *Vodvarka*, 259 Mich App at 513-514.[2]

If proper cause or a change of circumstances is shown by a preponderance of the evidence, the trial court may continue its analysis of whether a preexisting order or judgment should be modified or amended pursuant to MCL 722.27(1)(c) by addressing the "threshold determination" of "whether an established custodial environment exists." *Pierron v Pierron*, 282 Mich App 222, 244; 765 NW2d 345 (2009), aff'd 486 Mich 81 (2010), quoting *LaFleche*, 242 Mich App at 695-696. If the trial court "finds that an established custodial environment exists, then the circuit court 'shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child.' " *Pierron*, 282 Mich App at 244-245, quoting MCL 722.27(1)(c).

In this case, the trial court never explicitly made a finding as to what the minor children's established custodial environment was before the entry of its order. However, the trial court stated that it was changing the environment to Hartman, indicating that it found that the minor children's established custodial environment before the entry of its order was not solely with Hartman. Additionally, the trial court applied the clear and convincing evidence standard to its finding that it was consistent with the best interests of the minor children to change their

---

[2] The trial court also found two other changes of circumstances. Baughman challenges those findings, but any error in those alternate grounds is harmless. *Kessler v Kessler*, 295 Mich App 54, 62; 811 NW2d 39 (2011) (no reversal is required if an error is harmless).

custodial environment to Hartman, and the application of the clear and convincing evidence standard was only appropriate if the trial court found that an established custodial environment existed and that it was changing that environment. *Id*. We conclude from this record that the court found a joint custodial environment. See *Charles A Murray Trust v Futrell*, 303 Mich App 28, 44; 840 NW2d 775 (2013) (a trial court is presumed to know the law). Regardless, Baughman does not raise an issue on appeal regarding the existence of an established custodial environment. And, because the trial court applied the clear and convincing evidence standard, the highest standard of proof applicable to child custody proceedings, any error in the trial court's failure to fully specify the minor children's established custodial environment was harmless error. See *Kubicki v Sharpe*, 306 Mich App 525, 540-541; 858 NW2d 57 (2014).

The court was precluded from modifying a prior judgment or order unless it found by clear and convincing evidence that the modification would be in the best interest of the children. *Pierron*, 282 Mich App at 244-245; MCL 722.27(1)(c). "[A] trial court determines the best interests of the child by weighing the twelve statutory factors outlined in [MCL 722.23]." *Eldred v Ziny*, 246 Mich App 142, 150; 631 NW2d 748 (2001).

MCL 722.23 provides:

As used in this act, "best interests of the child" means the sum total of the following factors to be considered, evaluated, and determined by the court:

(a) The love, affection, and other emotional ties existing between the parties involved and the child.

(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(f) The moral fitness of the parties involved.

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

(i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents.

(k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

(*l*) Any other factor considered by the court to be relevant to a particular child custody dispute.

Here, the trial court found that factors (a), (b), (d), (e), (f), and (g) were equal between the parties and that factor (k) was not an issue. Regarding factor (i), the trial court indicated that it met with each of the children and did consider their preferences, but did not disclose them on the record. The trial court found that factor (*l*) favored neither party. Baughman does not challenge the trial court's findings regarding the above factors, but rather takes issue with those factors found in Hartman's favor.

The trial court found that factor (c) favored Hartman, because she had taken more actions after the divorce to provide for the minor children financially. Baughman argues that it was inappropriate for the trial court to consider the parties' finances based on our holding in *Dempsey v Dempsey*, 96 Mich App 276; 292 NW2d 549 (1980), mod 409 Mich 495 (1980). However, this case is distinguishable from *Dempsey* because the trial court did not merely rely on Hartman's superior economic position based on the parties' employment history. *Id*. at 286-288. Instead, the trial court's findings concerned Hartman's "substantial movement" to improve her career path and Baughman's comparative failure to stabilize his financial position.

The trial court's finding was supported by the record. Baughman's tax form indicated that he received income during the 2012 tax year of alimony in the amount of $7,614 and unemployment compensation in the amount of $2,024. From September 2012 through December 2012, Baughman pursued a degree as a pharmacist, but he stopped pursuing the degree in July 2013. In contrast, Hartman pursued a nurse midwife certification after the divorce, had a master's degree from the University of Michigan in nursing, and earned a salary of $86,000 per year. Hartman obtained her nurse midwife position after the parties' divorce. She worked 40 hours per week. Baughman testified that he was trying to start a construction handyman business and was still taking classes. The trial court based its finding not on the earnings of the parties but on the fact that Hartman exerted significant effort to be able to provide for the children's material needs while Baughman's efforts were substantially less. The trial court's finding that best-interest factor (c) favored Hartman was not against the great weight of the evidence. MCL 722.28.

Regarding best-interest factor (h), the trial court found that the factor favored Hartman primarily because she showed that she was more responsible than Baughman concerning the minor children's school attendance. On appeal, Baughman challenges a statement that the trial court made in reaching that finding: that there had been "high conflict" between Baughman and the children's school system. The record does not support the trial court's statement concerning the existence of "high conflict," and it does not appear that there was conflict between Baughman and the children's school at the time of the trial court's findings.

The trial court's findings, as they related to factor (h), were that Hartman was the more responsible parent when it came to getting the children to school. There was significant evidence in the record supporting that finding. Therefore, we do not conclude that the trial court's finding that factor (h) favored Hartman was against the great weight of the evidence. MCL 722.28.

Finally, in regards to best-interest factor (j), the trial court found that the factor favored Hartman based primarily on a finding that Baughman was undermining Hartman's relationships with the minor children. Hartman testified that Baughman undermined her with the minor children by trying to control what she did with the children during her parenting times. Hartman indicated that Baughman made derogatory remarks about her to the minor children. Also, Hartman testified that when she met her oldest child and Baughman for coffee in March 2013, the oldest child angrily and disrespectfully told her that he did not like living with her. According to Hartman, Baughman was present for the child's anger and disrespect, and he did not correct the child. Therefore, there was evidence in the record supporting the trial court's finding that Baughman undermined Hartman's relationships with the minor children. While Baughman is correct that there was evidence that tended to show that Hartman made negative comments about him and that she did not have respect for his parenting times, the evidence before the trial court did not clearly preponderate in the opposite direction of the trial court's finding that factor (j) favored Hartman as necessary for us to conclude that the trial court's finding was against the great weight of the evidence. *Pierron*, 486 Mich at 85.

The trial court found that three factors favored Hartman and that six factors were equal. Again, factor (k) was not an issue, and the court did not indicate whether factors (i) and (*l*) favored either party. Based on its best interest analysis, the trial court found by clear and convincing evidence that it was in the minor children's best interests to change their custodial environment. That finding was not "so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias" as required for us to conclude that the trial court's decision was an abuse of discretion. *Berger*, 277 Mich App at 705.

In reaching our conclusion, we recognize that the trial court ruled that it would not "consider matters that were issues prior to the entry of the divorce" and limited its consideration even further to the –"date of the last effective order." It is unclear from the record what the trial court meant by its reference to the "last effective order." The trial court's September 10, 2012 order denying Baughman's prior motion for a modification of physical custody did not alter child custody or parenting times regarding any of the minor children. Thus, the last custody order for all three of the minor children was the January 3, 2011 judgment of divorce. Regardless, whether the trial court refused to consider evidence of circumstances that existed before the entry of the September 10, 2012 order or evidence of circumstances that existed before the judgment of divorce, the trial court erred.

In *Vodvarka*, 259 Mich App at 514-515, we discussed what evidence could be considered by a trial court in determining the existence of proper cause or a change of circumstances. We held that facts that existed before the entry of the last custody order could not be relied on to establish a change of circumstances. *Id*. at 514. However, "[b]ecause a 'change of circumstances' requires a 'change,' the circumstances must be compared to some other set of circumstances" and "evidence of the circumstances existing at the time of and before entry of the

prior custody order will be relevant for comparison purposes." *Id*. Further, we held that facts that existed before the entry of the last custody order could be used, in some cases, to establish proper cause. *Id*. at 515. Additionally, the limitation in *Vodvarka* regarding a trial court's consideration of evidence concerning a change of circumstances does not apply to a trial court's subsequent consideration of a child's best interests. *Id*. at 514.

Here, the trial court's ruling that it would not consider evidence before the "last effective order" appears to have been based on the principle in *Vodvarka* that facts that existed before the entry of the last custody order may not be relied on to establish a change of circumstances. *Id*. However, the trial court's ruling that it would not consider evidence before the "last effective order" is inconsistent with *Vodvarka*'s holding that facts that existed before the entry of the last custody order may be relevant for other matters. *Id*. at 514-515. Accordingly, the trial court's ruling that it would not consider matters at issue before the date of the "last effective order" was clear legal error. *Id*.

However, apart from the exclusion of evidence regarding the number of absences the minor children had before the entry of the judgment of divorce, there is no indication in the record that the trial court prevented Baughman or Hartman from presenting any other evidence based on its decision that it would not consider matters at issue before the date of the "last effective order." Baughman does not argue on appeal that any other evidence that would have affected the trial court's findings was excluded. Further, there is no indication in the record that the trial court's decision, that it would not consider matters at issue before the date of the "last effective order", affected the findings we reviewed *supra*. Therefore, the trial court's error was harmless. *Kessler v Kessler*, 295 Mich App 54, 62; 811 NW2d 39 (2011).

Baughman also argues that the trial court was biased against him. However, the only remedy sought by Baughman based on his bias claim is that, if this case is remanded, we should remand the case to a different judge. Because we conclude that remand is unnecessary, this issue is moot. *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). Baughman's remaining argument that the trial court stopped him from providing clarifying testimony is abandoned, and we decline to address it. *Houghton v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003).

Affirmed.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Cynthia Diane Stephens