*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHARESE SHANNON MATHIS,

      Plaintiff-Appellant,

v

CARL MATHIS, JR.,

      Defendant-Appellee.

UNPUBLISHED
April 13, 2023

No. 363661
Lenawee Circuit Court
Family Division
LC No. 2021-048285-DM

Before: CAVANAGH, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals as of right an order requiring her to pay child support to defendant, but her claims of error relate to the trial court's judgment of divorce entered several weeks earlier. The trial court awarded the parties joint legal and physical custody of their daughter, KRM, the majority of school-year parenting time to defendant, and the majority of summer parenting time to plaintiff. We agree that the trial court committed clear legal error by failing to determine KRM's established custodial environment before analyzing the statutory best-interest factors, and that this error alone requires remand for further proceedings.

## I. BACKGROUND

Plaintiff was raised in Michigan and defendant was raised in Arkansas, but they met and courted in Tennessee. The parties married in 2013, moved to Michigan in 2014, and KRM was born in 2018. In early 2021, plaintiff accepted employment in Albion, Michigan, initiated this action, and relocated with KRM to Albion. Defendant remained in the marital home in Adrian, Michigan for approximately two months before moving to Fayetteville, Arkansas for work purposes. Defendant had been exercising approximately equal parenting time, but the distance occasioned by his relocation drastically limited the feasibility of in-person parenting time.

Following a bench trial at which the parties were the only witnesses, the trial court addressed the best-interest factors outlined in MCL 722.23 on the record, finding that many of the factors favored the parties equally, while others were inapplicable. It also commented regarding several factors, without articulating clear conclusions. The court concluded that its decision was a difficult one, as either party could reasonably be awarded school-year parenting time, but it

-1-

appeared that the schools in Fayetteville were preferable to the school system in Albion. The trial court therefore awarded defendant the majority of school-year parenting time and plaintiff the majority of summer parenting time.

## II. ESTABLISHED CUSTODIAL ENVIRONMENT

Plaintiff first argues on appeal that the trial court erred by failing to make findings regarding KRM's established custodial environment. We agree.

"Under the Child Custody Act, MCL 722.21 *et seq*., 'all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.' " *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010), quoting MCL 722.28. "A trial court commits legal error when it incorrectly chooses, interprets or applies the law." *Merecki v Merecki*, 336 Mich App 639, 645; 971 NW2d 659 (2021) (quotation marks and citation omitted).

"The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c). "The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered." *Id*. In other words, "[a]n established custodial environment is one of significant duration in which a parent provides care, discipline, love, guidance, and attention that is appropriate to the age and individual needs of the child." *Berger v Berger*, 277 Mich App 700, 706; 747 NW2d 336 (2008). "It is both a physical and a psychological environment that fosters a relationship between custodian and child and is marked by security, stability, and permanence." *Id*.

In pertinent part, MCL 722.27(1)(c) provides, "The court shall not . . . issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." The plain language of the foregoing provision requires the trial court to "determine whether there is an established custodial environment with one or both parents before making *any* custody determination." *Kessler v Kessler*, 295 Mich App 54, 61; 811 NW2d 39 (2011). This determination is crucial because it controls the applicable burden of proof. *Bofysil v Bofysil*, 332 Mich App 232, 243; 956 NW2d 544 (2020). As previously explained by this Court,

> If a proposed change would modify the child's established custodial environment, the proponent must demonstrate by clear and convincing evidence that the proposed change is in the child's best interests. *Pierron v Pierron*, 486 Mich 81, 92; 782 NW2d 480 (2010). If the proposed change would not modify the established custodial environment, the proponent need only demonstrate by a preponderance of the evidence that the proposed change is in the child's best interests. *Id*. at 92-93. If a child has an established custodial environment with both parents, neither parent's custody may be disrupted absent clear and convincing evidence that the change is in the child's best interests. *Powery v Wells*, 278 Mich App 526, 529; 752 NW2d 47 (2008). [*Bofysil*, 332 Mich App at 243.]

It is undisputed that the trial court did not make this preliminary determination, which constitutes clear legal error. See *Kessler*, 295 Mich App at 61-62. In *Kessler*, this Court held that the error was not harmless because the established custodial environment controlled the burden of proof and, given the limitations on appellate review of custody orders, it should be decided by the trial court. *Id*. at 62. Plaintiff urges this Court to reach the same conclusion.

Defendant, on the other hand, directs our attention to caselaw stating that remand on the basis of a trial court's failure to determine the child's established custodial environment is unnecessary when "there is sufficient information in the record for this Court to make its own determination of this issue by de novo review." *Jack v Jack*, 239 Mich App 668, 670; 610 NW2d 231 (2000), quoting *Thames v Thames*, 191 Mich App 299, 304; 477 NW2d 496 (1991) (quotation marks omitted). In *Brausch v Brausch*, 283 Mich App 339, 356 n 7; 770 NW2d 77 (2009), for instance, this Court found the record sufficient to conclude that the child's established custodial environment existed with the plaintiff, as she was awarded sole legal and physical custody of the child when the parties divorced, the child had always resided with the plaintiff, and the child naturally looked to the plaintiff for guidance, discipline, the necessities of life, and parental comfort.

We decline defendant's invitation to decide KRM's established custodial environment for the first time on appeal. The evidence did not support an obvious factual finding regarding this issue, and this case is not well suited to a post hoc determination of what should have been an intense factual inquiry conducted by the trial court in the first instance. We therefore remand to the trial court for further proceedings.

As this Court has instructed in other cases involving the same procedural error:

> On remand, the trial court must determine whether an established custodial environment existed with plaintiff, defendant, or both parties before it determines the custody arrangement that serves the best interests of the children. In this case, both parents seek primary physical custody. Accordingly, if the trial court determines that an established custodial environment exists with either plaintiff or defendant or both parties, the party seeking to change that established custodial environment must demonstrate that the change is in the best interests of the children by clear and convincing evidence. After making its determination regarding the existence of an established custodial environment and evaluating the best-interest factors, the trial court shall determine whether either party has met its burden and fashion its award of custody accordingly. On remand, the trial court "should consider up-to-date information" and "any other changes in circumstances arising since the trial court's original custody order." [*Kessler*, 295 Mich App at 62-63 (citation omitted).]

## III. BEST-INTEREST FACTORS

Plaintiff also argues that the trial court erred by failing to articulate specific conclusions regarding several best-interest factors and that its findings regarding several factors were against the great weight of the evidence. We agree, in part, and disagree, in part.

-3-

We review factual findings in custody matters under the great-weight-of-the-evidence standard and must affirm such findings unless the evidence clearly preponderances in the opposite direction. *Bofysil*, 332 Mich App at 242. Underlying questions of law are reviewed for clear legal error. MCL 722.28. "A trial court commits legal error when it incorrectly chooses, interprets or applies the law." *Merecki*, 336 Mich App at 645 (quotation marks and citation omitted).

## A. SUFFICIENCY OF FINDINGS

"In child custody cases, the family court must consider all the factors delineated in MCL 722.23 and explicitly state its findings and conclusions with respect to each of them." *Spires v Bergman*, 276 Mich App 432, 443; 741 NW2d 523 (2007). "The trial court need not necessarily engage in elaborate or ornate discussion because brief, definite, and pertinent findings and conclusions regarding the contested matters are sufficient." *Foskett v Foskett*, 247 Mich App 1, 12; 634 NW2d 363 (2001). Although the trial court is not obligated to explicitly address all evidence and arguments, it must create a record sufficient to facilitate appellate review. *MacIntyre v MacIntyre (On Remand)*, 267 Mich App 449, 452; 705 NW2d 144 (2005).

Plaintiff challenges the sufficiency of the trial court's findings regarding factors (d), (g), (h), (j), and (k). The court commented regarding each of these factors, but did not state whether each factor favored plaintiff, defendant, both, or neither. This Court encountered a similar situation in *Sinicropi v Mazurek*, 273 Mich App 149, 180-182; 729 NW2d 256 (2006), and found no error requiring reversal because it could infer the trial court's findings regarding the challenged factors from its comments regarding the subjects of those factors. The same cannot be said in this case, at least with respect to factors (d), (g), and (j).

Concerning factor (d) (length of time the child has lived in a stable, satisfactory environment and desirability of maintaining continuity), MCL 722.23(d), the court indicated that the parties intended to eventually move to Arkansas when they married, but there was a breakdown in the marriage, defendant took employment in Arkansas as he previously planned, and plaintiff chose to remain in Michigan. The trial court's comment, without further elaboration, has little relevance to this factor. We are unable to confidently infer whether the court found factor (d) favored defendant because he carried through with the parties' old plan or favored the parties equally because they parted ways after the breakdown of their marriage.

In its discussion of factor (g) (mental and physical health of the parties), MCL 722.23(g), the trial court noted that plaintiff's lupus affected her ability to transport KRM to and from parenting-time exchanges, but plaintiff had "worked to get that under control." Without further elaboration, it is unclear whether the trial court found factor (g) favored defendant because of plaintiff's lupus or whether it favored the parties equally because plaintiff was able to resolve the travel limitations caused by her lupus symptoms.

With respect to factor (j) (willingness and ability to foster parent-child relationship with other parent), MCL 722.23(j), the trial court said, "[Plaintiff] stated she does not talk to [defendant], and from [defendant's] testimony, so there is a breakdown of that relationship and we did order AppClose for that." Again, the trial court's conclusion regarding this factor is unclear. The court may have believed that plaintiff's hesitancy to speak with defendant weighed against her, but it is equally plausible that it felt the implementation of communication through AppClose

made plaintiff's previous reluctance insignificant. The vague reference to defendant's testimony offers no guidance or clarification on this point.

Conversely, plaintiff's challenge to the sufficiency of the trial court's findings lacks merit as it relates to best-interest factors (h) and (k). Concerning factor (h) (child's home, school, and community record), MCL 722.23(h), the trial court noted that KRM was in child care, but not yet old enough for school. Plaintiff's attorney asked the court to clarify its findings regarding this factor, and the trial court responded that it did not consider factor (h) relevant since KRM was not in school. In other words, plaintiff's contention that the trial court did not reach an explicit conclusion regarding this issue is belied by the record. As to factor (k) (domestic violence), MCL 722.23(k), the trial court cited plaintiff's previous domestic violence conviction and did not comment further. We infer that plaintiff's conviction was the only matter the trial court deemed relevant to this factor and this factor was, therefore, clearly found to favor defendant. Even so, the trial court's findings and conclusions regarding factors (d), (g), and (j) were insufficient to facilitate appellate review.

## B. GREAT WEIGHT OF THE EVIDENCE

Factor (c) considers the "capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs." MCL 722.23(c). The trial court found that factor (c) favored the parties equally, without providing any explanation. Plaintiff argues that this factor should have favored her because she works in close proximity to KRM's daycare, has local family support for childcare needs, and can continue KRM's medical and dental care with KRM's longstanding treaters. We disagree.

The evidence clearly reflected that defendant was equally able and willing to provide for KRM. See *Demski v Petlick*, 309 Mich App 404, 448; 873 NW2d 596 (2015) (rejecting challenge to finding of equal weight under factor (c) when both parties were gainfully employed and possessed adequate means to provide support). Defendant earned a respectable salary and planned to remain in his position long term. Despite having had a number of jobs since the parties' marriage, defendant had a long history of consistent employment in some capacity. The evidence raised no question as to defendant's ability to provide for KRM's material needs. Defendant may not have the same network of local family support, but his job permitted flexible remote work when necessary, thereby enabling him to personally care for KRM if she could not attend daycare. With respect to medical care, defendant had the means to provide health insurance for KRM through his employer, and wished to do so because it would be more cost-effective than the insurance provided through plaintiff's employer. Defendant kept himself apprised of KRM's medical care through a patient portal after relocating to Arkansas and intended to take KRM to a pediatric clinic near his primary care physician when she was in his custody. There was simply no suggestion that defendant was unable or unwilling to provide appropriate medical care.

Factor (d) considers the "length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity." MCL 722.23(d). The trial court referenced the parties' intention early in their relationship to reside in Arkansas and the breakdown of the parties' marriage, as well as defendant's return to Arkansas as planned, while plaintiff remained in Michigan. As explained earlier, we are unable to infer what significance the trial court

attached to these facts. We note, however, that similar facts were discussed under factor (d) in *Kessler*, 295 Mich App at 65. There, the plaintiff intended to relocate to Florida and had specific plans for the children's future residence and schooling. *Id*. The defendant intended to remain in Michigan, but was unsure if he could afford to remain in the marital home or continue the children's tuition. *Id*. Despite these uncertainties, the trial court found that factor (d) favored the defendant, and this Court agreed. *Id*. Because the children had never lived in Florida, this Court reasoned that there was no continuity to maintain there, such that the desirability of the environment in Florida was irrelevant to MCL 722.23(d). *Id*. This Court acknowledged that the children's environment in Michigan would change following the divorce, but Michigan was still the only place the children knew and the only place where they had "family, friends, school, church, a godmother, a daycare provider, and others . . . ." *Id*. at 65-66.

KRM was born in Michigan and resided with the parties in Adrian until March or April 2021, when she moved with plaintiff to Albion. KRM was still able to have regular interactions with her maternal relatives after moving. In contrast, KRM had only three one-week visits with defendant in Arkansas between the commencement of this action and the trial. Although KRM had family in Arkansas, the record suggests that she did not spend much time with them before, while she had a strong relationship and regular interaction with maternal relatives. Although KRM's time in Albion, specifically, was limited, her ties to Michigan were evident. To the extent that the trial court did not find that factor (d) favored plaintiff, its finding was against the great weight of the evidence. *Id*.

Factor (e) considers the "permanence, as a family unit, of the existing or proposed custodial home or homes." MCL 722.23(e). The trial court found that factor (e) favored the parties equally because both plaintiff and defendant had relocated from the area they were previously raising KRM. Plaintiff argues that the trial court erred by failing to consider KRM's proximity to extended family in plaintiff's care, while defendant's closest relatives lived at least four hours away from him. We disagree. The focus of factor (e) should be on the permanence of the family unit in each home. *Brown v Brown*, 332 Mich App 1, 21; 955 NW2d 515 (2020). KRM's relationship with family members who did not reside with either plaintiff or defendant is not relevant to this factor.

Factor (f) considers the "moral fitness of the parties involved," MCL 722.23(f), and more specifically, the parties' moral fitness as parents, *Kubicki v Sharpe*, 306 Mich App 525, 544; 858 NW2d 57 (2014). See also *Fletcher v Fletcher*, 447 Mich 871, 887; 526 NW2d 889 (1994) ("[T]he question under factor f is *not* 'who is the morally superior adult;' the question concerns the parties' relative fitness to provide for their child, given the moral disposition of each party as demonstrated by individual conduct."). The trial court indicated that both parties were morally fit. Plaintiff contends that the trial court erred by failing to conclude that factor (f) favored her in light of the evidence regarding defendant's drinking. We disagree. Although plaintiff repeatedly referred to defendant's alcohol consumption during her testimony, there was no indication that it affected his parenting. Rather, both parties testified that defendant primarily drank after KRM went to bed.

In support of her arguments regarding factor (f), plaintiff cites her motion to suspend defendant's parenting time, which she filed after both parties testified, but before the trial court reached its ruling. In pertinent part, the motion alleged that defendant was intoxicated while KRM was in his care in Arkansas. Defendant correctly notes, however, that these allegations were not presented at the trial. Allegations in court filings are not evidence, *In re Schroeder Estate*, 335

-6-

Mich App 107, 119; 966 NW2d 209 (2020), and therefore, cannot support a conclusion that the trial court's findings were against the great weight of the evidence, regardless of whether the motion is part of the appellate record under MCR 7.210.

Factor (k) considers "[d]omestic violence, regardless of whether the violence was directed against or witnessed by the child." MCL 722.23(k). The trial court noted only that plaintiff had a conviction for domestic violence, suggesting that it found that this factor favored defendant. Plaintiff argues that the trial court erred in this regard because the circumstances surrounding her domestic violence conviction demonstrated defendant's controlling and manipulative behavior.[1] Plaintiff's position lacks merit because MCL 722.23(k) refers to domestic *violence*, not controlling or manipulative behavior. In *Brown*, 332 Mich App at 11-12, this Court held that domestic violence for purposes of MCL 722.23(k) included domestic violence as defined in the domestic violence prevention and treatment act, MCL 400.1501 *et seq*. The definition of domestic violence in MCL 400.1501(d) includes behavior that would not inflict physical harm, such as "[p]lacing a family or household member in fear of physical or mental harm," and "engaging in activity toward a family or household member that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested." *Brown*, 332 Mich App at 11. Even if defendant's behavior surrounding the domestic violence incident caused plaintiff to feel manipulated or controlled, it did not constitute domestic violence as described in *Brown*.

Plaintiff does not dispute that she was convicted of domestic violence in 2014 after she pushed and scratched defendant when he tried to prevent her from leaving in his vehicle. In contrast, there was no evidence of defendant engaging in domestic violence. To the extent the trial court found factor (k) favored defendant, it did not err by doing so.

## IV. CONCLUSION

We vacate the trial court's judgment of divorce in part, as it relates to the trial court's award of physical custody and parenting time, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra
/s/ Michael J. Riordan

---

[1] Plaintiff also cites the allegations of abuse toward KRM and defendant's former girlfriend outlined in her motion to suspend his parenting time. As noted above, the allegations in plaintiff's motion do not constitute evidence and will not be considered in this Court's review of the trial court's best-interest findings.